IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PARAGON MANAGEMENT, LLC, *et al.*,   )<br>   )<br>   Plaintiffs,   )<br>   )<br>v.   )<br>   )<br>EPIC AVIATION, LLC,   )<br>   )<br>   Defendant.   ) | Civil Action No. 1:20-cv-01407 (RDA/IDD) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Epic Aviation, LLC's ("Defendant") Motion to Dismiss ("Motion") (Dkt. 7) and Defendant's Request for a Hearing ("Motion for Hearing") (Dkt. 9). The Court dispenses with oral argument as it would not aid in the decisional process. Local Civ. R. 7(J). Accordingly, this matter is now fully briefed and ripe for disposition. Considering Defendant's Motion (Dkt. 7); Defendant's Memorandum in Support of the Motion (Dkt. 8); Plaintiff Paragon Management, LLC's ("Paragon"), Plaintiff Paragon 441 LLC's ("Paragon 441"), Plaintiff N620PJ LLC's ("N620PJ"), and Plaintiff N541PJ LLC's ("N541PJ") (collectively, "Plaintiffs") Memorandum in Opposition to the Motion ("Opposition") (Dkt. 14); Defendant's Reply to Plaintiffs' Memorandum in Opposition to the Motion ("Reply") (Dkt. 16); and Motion for Hearing (Dkt. 9), and for the following reasons, it is hereby ORDERED that Defendant's Motion is GRANTED; and

Defendant's Motion for Hearing is DENIED.

I. BACKGROUND

A. Factual Background

The facts as alleged in Plaintiff's Complaint are taken as true at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs are entities that own certain aircrafts (collectively, "Aircrafts"). Specifically, Paragon is a New York limited liability company that owns one CANADAIR LTD CL-600-2B16, U.S. Reg. No. N613PJ ("Aircraft N613PJ"). Dkt. 15, 1. Paragon 441 is a New York limited liability company that owns one CANADAIR LTD CL-600-2B16, U.S. Reg. No. N441PJ ("Aircraft N441PJ"). *Id.* at 1-2. N620PJ is a New York limited liability company that owns one CANADAIR LTD CL-600-2B16, U.S. Reg. No. N620PJ ("Aircraft N620PJ"). *Id.* at 2. And N541PJ is a New York limited liability company which owns one CANADAIR CL-601-3R, U.S. Reg. No. N541PJ ("Aircraft N541PJ"). *Id.* Aircraft N613PJ, Aircraft N441PJ, Aircraft N620PJ, and Aircraft N541PJ (collectively "Aircrafts") are all subjects of this litigation. *Id.* at 1-2. Plaintiffs are all comprised of the same single member. *Id.*

Defendant is an Oregon limited liability company and provides "credit card services that enable its customers to purchase fuel, maintenance, and [pay] other aircraft-related fees." *Id.*

Defendant supplied Plaintiffs with credit cards that Plaintiffs used to pay for fuel and other aviation-related expenses. *Id.* Defendant did not directly provide fuel and lubricants for the Aircraft or perform maintenance on the Aircraft. *Id.* at 3-4. On or about July 23, 2019, Defendant recorded four "claims of lien" with the Federal Aviation Administration on the Aircrafts for "alleged aviation services, including fuel uplift and lubricants." *Id.* at 4; *see* Dkt. 15-1. The lien on Aircraft N613PJ was for $30,458.50. Dkt. 15-1, 4. The lien on Aircraft N441PJ was for

$43,492.82. *Id.* at 2. The lien on Aircraft N620PJ was for $63,124.82. *Id.* at 1. And the lien on Aircraft N541PJ was for $22,201.29. *Id.* at 3. Plaintiffs claim that Defendant filed these liens under Texas Property Code § 70.301(a), which provides a lien to "[a] person who stores, fuels, repairs, or performs maintenance work on an aircraft[.]" Tex. Prop. Code § 70.301(a); *see* Dkt. Nos. 15, 4; 15-1. Plaintiffs allege that the liens are invalid under both Virginia and Texas state law, but that Virginia law applies in the instant action. Dkt. 15, 5-6. Plaintiffs have asked the Court to enter a declaratory judgment indicating that Virginia state law applies to the liens in question and that the liens are legally invalid. *Id.* at 6. Plaintiffs are also seeking an unstated amount of damages against Defendant for slander of title related to the liens placed on the Aircrafts. *Id.*

## B.  Procedural Background

On November 17, 2020, Paragon filed its Complaint (Dkt. 1). On February 23, 2021, Defendant filed its Motion (Dkt. 7) and Motion for Hearing (Dkt. 9). Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), on March 16, 2021, Plaintiffs filed their Opposition to the Motion (Dkt. 14) and an Amended Complaint (Dkt. 15), adding Paragon 441, N620PJ, and N541PJ as plaintiffs. On March 22, 2021, Defendant filed its Reply (Dkt. 16). Accordingly, this Memorandum and Opinion serves to address Defendant's Motion.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). A district court must dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that the federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743

3

(1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  There are two ways in which a defendant may present a 12(b)(1) motion.  First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219.  Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id*.

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996).  In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891.  The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219.  Under this second approach, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

Stated succinctly, one jurisdictional inquiry in the context of a motion to dismiss relates to the "authority" of a court to hear the subject matter while the second inquiry regarding jurisdiction in the context of a motion to dismiss relates to the very use of a court's "power" to hear the controversy.

### III.  ANALYSIS

Defendant argues that its Motion should be granted for two reasons.  *See generally* Dkt. 8.  First, Defendant contends that dismissal is warranted because a similar legal action is pending in a court in the District Court of Dallas County, Texas.  Dkt. 8, 5-10.  Second, Defendant maintains that Plaintiffs have failed to show that the amount in controversy meets the $75,000 jurisdictional threshold for diversity jurisdiction cases.  *Id*. at 4-5.

Plaintiffs urge that Defendant's Motion (Dkt. 7) is now moot because Plaintiffs filed their Amended Complaint (Dkt. 15) subsequent to Defendant's Motion.  Dkt. 14.  While it is true that "an amended pleading ordinarily supersedes the original and renders it of no legal effect[,]" a motion to dismiss is not inherently moot upon amendment of the complaint.  *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Cyrsen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)); *see Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2000).  Because Defendant maintains that its arguments for dismissal still apply to Plaintiffs' Amended Complaint (Dkt. 15), the Court will address Defendant's Motion to Dismiss.  Dkt. 16, 1-2.  However, because the Court finds that Plaintiffs have not met their burden of establishing subject matter jurisdiction, the Court will not address the issue of abstention.

Turning to the issue of subject matter jurisdiction, Plaintiffs suggest that the amount-in-controversy obligation has been satisfied because the sum of each of the liens may be aggregated, and when combined, that amount is greater than $75,000.  *See* Dkt. 15.

Notwithstanding cases that concern questions of federal law, district courts have subject matter jurisdiction in civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs[.]"  28 U.S.C. §

1332(a).  Because the claims at issue here do not concern questions of federal law, subject matter jurisdiction must be predicated upon diversity jurisdiction.

It is undisputed that the parties are citizens of different states for purposes of diversity jurisdiction.

But with respect to the amount in controversy requirement, "[o]nly where 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest,' is aggregation permitted.  *McKinney v. Stonebridge Life Ins. Co.*, 4:06-cv-00029, 2006 WL 2565593, at *4 (W.D. Va. Sept. 1, 2006) (quoting *Glover v. Johns-Manville Corp.*, 662 F.2d 225, 231 (4th Cir. 1981)).  If plaintiffs' claims are not subject to aggregation, "the amount in controversy in [a] case must be determined on the basis of each [plaintiff's] claim."  *Glover*, 662 F.2d at 231-32.

Here, Plaintiffs' claims may not be aggregated for the purpose of determining the amount in controversy because their claims do not concern a "single title or right in which they have a common and undivided interest[.]"  *McKinney v. Stonebridge Life Ins. Co.*, 2006 WL 2565593, at *4-5.  Each of the Plaintiffs have separate interests in the title of their individual Aircrafts.  *See* 15, 1-2.  It appears from the pleadings that Plaintiffs do not share an *undivided* interest in any one of the Aircrafts.  *Id.*  Thus, while each of the Plaintiffs may aggregate the amount in controversy for its own claim of slander of title ("Count Two") with its own claim against the relevant lien ("Count Two"), here, no one Plaintiff may aggregate either of its claims with the other Plaintiffs' claims.  Stated differently, each of the individual Plaintiffs' claims must individually meet the $75,000 threshold since they do not have an undivided interest in any of the Aircrafts.  *See Glover*, 662 F.2d at 231-32.  And while Plaintiffs have each pleaded a claim for slander of title, they have not provided any dollar amount in relation to those claims or otherwise sufficient facts "establishing a

high probability that the amount in controversy will exceed $75,000." *Killing v. Guma*, No. 1:16-cv-00514, 2016 WL 11668948, at *2 (E.D. Va. July 5, 2016). Plaintiffs' claims, "while common in the sense that they appear to arise under similar circumstances"—in this case, aviation-related limited liability companies owned by the same member—"fail to have the undivided interest that is a necessary predicate to aggregation." *Glover*, 662 F.2d at 231. This Court finds that the liens may not be aggregated for purposes of determining whether the amount-in-controversy requirement is satisfied, and therefore, this Court lacks subject matter jurisdiction. Accordingly, Plaintiffs have not met their burden of establishing subject matter jurisdiction and this Court is constrained to dismiss this action.

Because this Court does not have subject matter jurisdiction over this action, the Court will not address the issue of abstention.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion for Hearing (Dkt. 9) is DENIED;

IT IS FURTHER ORDERED that Defendant's Motion (Dkt. 7) is GRANTED; and

IT IS FURTHER ORDERED that this the action is dismissed without prejudice.

It is SO ORDERED.

Alexandria, Virginia
August 27, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge